This was an action of ejectment instituted in the Circuit Court for the county of Hawkins, and removed by a change of venue into the county of Greene. It was tried at August term, 1816. The plaintiff offered to read a deed of conveyance from Thomas Gillenwaters, sheriff of Hawkins county, to Johnson, dated the 20th December, 1813, which recited and purported to be founded on the returns, judgments, publications, c., and sales for the taxes and charges due on said lands. It was registered *Page 39 
in Hawkins, the 6th of December, 1814. This deed was objected to, because the plaintiff had not proved an execution, or order of sale, or showed that any such order or execution ever issued as an authority to the sheriff to sell said land. The deed was rejected by the Court for this cause; and now the question to be decided by the Court is, whether by the true construction of 1803, c. 2, section 13, and 1807, c. 21, section 3, a fi. fa. be necessary or not. These acts are in pari materia and to be taken together, except where one repeals part of the other, either expressly or by substitution of a latter provision for a former. By the former act a fi. fa.
is to issue; the latter act directs the form of a judgment, differing from that mentioned in 1803, and introduces some additional provisions not found in the former act. It directs a different advertisement, and it directs the sheriff to sell on the day advertised by the clerk; it fixes the day on which the sale shall be. Every thing intended to be altered or added is mentioned. But as no alteration was intended to the fi. fa. nothing is said of it. Therefore that part of the former law remained as it was. Every judgment directs that the party for whom it is given shall have execution. Here it is a part of the judgment that the land shall be sold. If the sheriff can sell without a fi. fa. upon the authority of the judgment, then how is he to know if the judgment be set aside or reversed for some cause, or be suspended by a supersedeas; or indeed, how is he to know that there is such a judgment? If he can sell without a fi. fa.,
then the judgment is his authority, and, if so, then although it be suspended, or superseded for some cause not known to him, he may sell and surprise the defendant, who is generally an absentee, and will be justified, for he can show the judgment remaining on the record, which gives him authority. Would not this be exceedingly dangerous and prejudicial to defendants? How would they be remedied? Not by action against the sheriff, for he knew not of any *Page 40 
reversal or suspension of the judgment; nor against the clerk, for he is not to do any act if the sheriff is to sell by force of the judgment; and not against the State, because of its sovereignty and non-suability. Say the sheriff can only sell by fi. fa., it will never issue when it ought not, nor in any of the instances which we anticipate. All will be safe. The want of a fi. fa., as a foundation of the deed, may be urged by the defendants; for want of authority to sell makes the deed of no effect as against any person. If the judgment were erroneous, then none but the defendant could be heard to gainsay it. As for the other points in this cause, we need not meddle with them, as we deem the want of a fi. fa.
sufficient cause for rejecting the deed, and for affirming the judgment of the Circuit Court.